IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| IMPERIAL PREMIUM FINANCE, LLC, [1] | ) Case No. 20-12694 (BLS) |
| | ) |
| Debtor. | ) |
| | ) Re: Docket No. 17 |

**ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Upon the *Debtor's Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Effective as of the Petition Date* (the "Application") of the above-captioned debtor and debtor in possession (the "Debtor") seeking authorization to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J") as counsel for the Debtor; and upon (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure* (the "Statement"), and (ii) the Pachulski Declaration,[2] which was submitted concurrently with the Application; and the Court being satisfied, based on the representations made in the Application, the Statement and the Pachulski Declaration, that PSZ&J does not represent or hold any interest adverse to the

---

[1] The last four digits of the Debtor's taxpayer identification number are: Imperial Premium Finance, LLC (4007). The location of the Debtor's service address for purposes of this case is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

Debtor or the Debtor's estate with respect to the matters upon which it is to be engaged, and is disinterested as that term is defined under section 101(14) of the Bankruptcy Code, and as modified by section 1107(b) of the Bankruptcy Code, and that the employment of PSZ&J is necessary and in the best interests of the Debtor and the Debtor's estate; and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing; it is hereby:

ORDERED that the Application is GRANTED as set forth herein; and it is further

ORDERED that, pursuant to section 327(a) of the Bankruptcy Code, the Debtor is authorized to employ and retain PSZ&J as counsel, effective as of the Petition Date, on the terms set forth in the Application, the Statement and the Pachulski Declaration; and it is further

ORDERED that PSZ&J shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions

of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court. PSZ&J also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, both in connection with this Application and the interim and final fee applications to be filed by PSZ&J in this chapter 11 case; and it is further

ORDERED that PSZ&J shall apply any retainer remaining at the time of allowance of its final fee application in satisfaction of compensation and reimbursement awarded with respect to such application, and promptly pay to the Debtor's estate any retainer remaining after such application.

ORDERED THAT PSZ&J shall provide ten (10) business days' notice to the Debtor and the U.S. Trustee in connection with any increase of the hourly rates listed in the Application. The U.S. Trustee and the Debtor retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

ORDERED that the Court shall retain jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: December 1st, 2020 Wilmington, Delaware

BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE